#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF ARKANSAS
#### JONESBORO DIVISION

ROACH MANUFACTURING CORPORATION;
AFTERSORT, INC; CHARLIE PARKS; GARY
CARTER; JOHN JAYNES; and JOE MOODY				PLAINTIFFS

V.				No.  3:09CV00029-BSM

NORTHSTAR INDUSTRIES, INC.;
BEST DIVERSIFIED PRODUCTS, INC.;
AND MARK HAUSTEIN					DEFENDANTS

#### PROTECTIVE ORDER

The parties agree to the following:

Plaintiffs and Defendants (the "Parties") are engaged in discovery in the above-captioned action (the "Action") and are or may in the future produce "Confidential Information," as later defined herein, during discovery.  The Parties desire and agree to enter into this Protective Order.

"Confidential Information" shall be deemed to include, without limitation, any documents, written discovery responses, or deposition testimony that a Party or its counsel designate as confidential based upon a good faith belief that the designation is appropriate because the documents, written discovery responses, or deposition testimony contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature.

A Party or its counsel must designate in writing information as Confidential Information.  Such designation may be made by marking a document "Confidential" and thus

1

designating the information contained in such document as confidential, and/or by letter.

Confidential Information shall be used only for the purpose of this litigation and for no other purpose whatsoever and shall not be given, shown, made available or communicated in any way to anyone except "Qualified Persons," as defined herein.

1. Except with the prior written consent of the opposing Party or its counsel, or pursuant to further order of this court on motion with notice to the opposing Party, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the Parties; any future counsel of record for the Parties in this Action; secretaries, professional assistants, experts and other employees of such counsel who are actively engaged in assisting counsel in connection with this Action; and the court, court personnel, the jury, and court reporters who assist with or are involved with this Action.

2. To the extent Confidential Information is provided to any Party's witnesses or expert witnesses, each witness or expert witness shall: (a) agree prior to receiving any Confidential Information that he shall be bound by the terms of this order and (b) agree to return at the conclusion of this Action to the counsel who provided it to him or her all Confidential Information received in this Action.

3. To the extent Confidential Information may be required to be filed with the court and the clerk of this court, such documents shall be filed under seal.  Only the court, court personnel, the Parties, and counsel for the Parties shall have access to the sealed record in this proceeding until further order of this court.

4. Nothing in this order shall prevent any Party from seeking modification of this

order at any time as to specific matters designated as Confidential Information to remove such from the application of this order.

5. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If Confidential Information is inadvertently produced without the appropriate designation of confidentiality, the receiving Party shall, upon notice of the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated confidential at the moment it was produced.

6. The Parties' agreement to produce Confidential Information pursuant to this order shall not be deemed an agreement that such information constitutes or contains confidential information, trade secrets or other confidential research, development, financial, commercial, or personal information or that such information is relevant to any matter at issue in this Action.

7. This order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. Three years following the conclusion of this Action, including all appeals, the Parties and counsel for the Parties shall destroy all confidential information, including but not limited to correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part.

8. The Parties and counsel for the Parties agree that all Qualified Persons are enjoined from disclosing in any matter any Confidential Information obtained during the

course of this Action.

9. This order shall inure to the benefit of, and be binding upon, the Parties and their respective successors, heirs, agents, personal representatives, and assigns.

10. Any individual or entity who becomes a Party to this Action and who has not subscribed to this order as of the time it is presented to the court for approval and entry may thereafter become a party to this order by having the Party or its counsel sign and date a copy thereof and filing same with the court and serving such signed copy upon the other Parties to this order.

11. Any documents produced by a non-party witness in discovery in this Action pursuant to subpoena or otherwise may be designated by such non-party or by any Party or counsel for any Party as "Confidential Information," and such designation shall have the same force and effect, and create the same duties, obligations, and remedies, as if made by one of the undersigned Parties.

12. This order is the entire agreement between the Parties. It may not be amended in any manner whatsoever except by agreement in writing, signed by counsel of record for each Party and adopted by order of this court.

IT IS SO ORDERED this 6th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE