**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**ROACH MANUFACTURING CORP. et al.**                     **PLAINTIFFS**

**v.**                     **CASE NO. 3:09CV00029 BSM**

**NORTHSTAR INDUSTRIES INC. et al.**                     **DEFENDANTS**

<u>**ORDER**</u>

Defendants move for summary judgment [Doc. Nos. 25-27, 37-38] and plaintiffs object. [Doc. Nos.34-36]. For the reasons set forth below, summary judgment is GRANTED in part and DENIED in part.

I. BACKGROUND

This case concerns the development and patenting of steerable telescoping conveyors. Defendants move for summary judgment on the validity of their own patent, the invalidity of Plaintiffs' patent, and all other claims presented by Plaintiffs. Because Defendants move for summary judgment, the facts are viewed in the light most favorable to Plaintiffs.

In 2002, Plaintiffs Roach and Aftersort began developing a cost effective trailer loading conveyor that would be priced below the expensive models currently on the market but have a number of advantages over the low end models on the market. Roach eventually designed a steerable, telescoping conveyor with two conveyor sections that overlay one another when retracted but which may be extended for use.

John Jaynes and Gary Carter of Aftersort initially conceived the idea for the conveyor, and demonstrated the application of the product to Roach at a Lowe's Distribution Center in

Mount Vernon, Texas, in 2002. The product was presented as an alternative to the flexible conveyors being used by Lowe's at the time. Carter Aff. ¶ 3. Roach eventually created a prototype from the design, and Aftersort worked with Lowe's to install the prototype in one of its facilities.

In November 2002, Aftersort installed prototype conveyors and began field testing. As testing continued, Roach filed a provisional application for a patent on September 24, 2003. After additional testing, Roach filed the patent application for the TL230 conveyor on June 9, 2004. The United States Patent and Trademark Office (USPTO) accepted the application and issued the patent as No. US 7,004,308 ("the '308 patent").

Plaintiffs contend that while they were developing the '308 patent, defendant Best gained access to the prototype installed at the Lowe's facility despite a continuing confidentiality agreement. Carter Aff. ¶ 4. Plaintiffs claim that Defendants photographed, measured, and eventually copied the design of their prototype. In response, Roach wrote to Best and other competitors in July 2004 advising them of the pending patent application and objecting to anyone manufacturing or selling a similar conveyor. Plaintiffs contend that from this time until August 2006, they were totally unaware that Defendants were continuing to develop a competing conveyor based on their prototype.

In August 2006, Best filed a patent application for a steerable, telescoping conveyor. Plaintiffs claim that because of the secret nature of the patent application process they were unaware of its specific contents until the USPTO issued the patent as No. US 7,416,075 ("the

'075 patent") in August 2008. When the '075 patent became public, however, Plaintiffs discovered that Best's conveyor used almost exactly the same design as their prototype conveyor, except that Defendants moved the power source from the middle of the conveyor to the front.

When Plaintiffs first approached Best about its patent application in August 2006, CEO Jim Markley said that Best's prototype did not infringe on Plaintiffs' '308 design because of the relocated power source. Indeed, Mark Haustein and Ryan Schaecher, the inventors of the '075 conveyor, acknowledge that the conveyors are identical in all other respects except for dimensions and part types. Nevertheless, Markley indicated that it might not be economically feasible for Best to produce the '075 conveyor and suggested that Best and Plaintiffs work together to market and sell the TL230.

Accordingly, the parties discussed an arrangement whereby Roach would sell the TL230 to Best and Best in turn would not develop and market a competing conveyor. While negotiations toward a formal agreement were ongoing, Roach sold the TL230 to Best and Best began displaying it in trade shows. The parties never reached a formal marketing and distribution agreement, however, and Best continued to solicit orders for its patent pending conveyor using the Roach conveyor. Specifically, Best sold its own conveyor to Mohawk Industries for approximately $168,000 despite Aftersort having provided specifications and bid the Roach TL230 on the project.

Plaintiffs brought this action on March 9, 2009, seeking injunctive, monetary, and

declaratory relief for Defendants' alleged violations of federal patent law, trade secret misappropriation, interference with contract and business expectancies, fraud, unjust enrichment, and civil conspiracy. Defendants move for summary judgment on all claims. Defendants also move to strike the affidavit of Charlie Parks as untimely filed.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if, after viewing the evidence in the light most favorable to Plaintiffs, no genuine issues of material fact exist and Defendants are entitled to judgment as a matter of law. *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8th Cir. 2008). Plaintiffs cannot survive the motion for summary judgment merely by pointing to disputed facts; the facts in dispute must be material to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1985). If the facts alleged by Plaintiffs, when viewed in the light most favorable to their case, would not allow a reasonable jury to find in their favor, then summary judgment should be granted in favor of Defendants. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006).

## III. DISCUSSION

Summary judgment is granted as to Plaintiffs' intentional interference with contractual relationships and business expectancies, fraud, unjust enrichment, and civil conspiracy claims. Summary judgment is denied as to Plaintiffs' patent invalidation, correction of inventor, patent interference, wilful patent infringement, and trade secret misappropriation claims.

A.    <u>Validity of Defendants' Patent</u>

Defendants move for summary judgment on the validity of their '075 patent on the grounds that Plaintiffs have not produced sufficient facts to prove the invalidity of the '075 patent by clear and convincing evidence. At issue is whether Defendants were entitled to a patent for the relocation of the conveyor's power source and steering mechanism to the front of the conveyor. Summary judgment as to the validity of the '075 patent is denied.

In their briefs, Defendants rely heavily on the presumption of validity given to patents issued by the United States Patent Office. *See* 35 U.S.C. § 282. The presumption of validity, however, is severely weakened by proof of prior art not considered by the Patent Office. *Black & Decker v. Ever Ready*, 684 F.2d 546, 549 (8th Cir.1982). Plaintiffs offer evidence that the only claim on the '075 patent application not replicated from the Roach prototype is the location of the drive on the front of the conveyor. Haustein Dep. 63:19–64:12. They contend that in light of relevant prior art, some of which Defendants allegedly failed to disclose to the patent office, the placement of the drive at the front of the conveyor is an obvious change.

To support the contention that the changes in the '075 patent are obvious given prior art, Plaintiffs point out that Best had previously submitted a patent application for a different conveyor with the drive located at the front. Jaynes Aff. ¶ 12. Defendants allegedly did not disclose this prior art to patent office when they applied for the '075 patent. Plaintiffs also contend that Defendants failed to disclose to the patent office that, aside from moving the

mid-section to the front of the conveyor, every other aspect of their design was taken from Roach's prototype.

An invention is not patentable if it is obvious in light of the prior art. *Creative Cookware, Inc. v. Northland Aluminum Products, Inc.*, 678 F.2d 746, 747 (8th Cir. 1982). Although the question is obviousness is a question of law, adjudication requires a number of factual inquiries. *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966). These inquiries include: (1) the scope and content of the prior art; (2) the difference between the patent and the prior art; (3) the ordinary skill in the pertinent art; and (4) other indications of nonobviousness. *Id.* Plaintiffs' contention that Defendants' only improvement to their design was an improvement already in use is sufficient to create triable issues of fact on the scope, content, ordinary skill involved, and differences between the prior art and the Roach design. Because triable issues of fact remain, summary judgment is denied as to the validity of the '075 patent.

B.      Correction of Inventor

Defendants move for summary judgment on the grounds that Haustein and Schaecher are correctly named as inventors on the '075 patent. The issues involved in the correct naming of inventor are similar to those involved in the validity of the '075 patent, and Defendants again rely heavily on the presumption of validity. For the reason set forth in section III.A, summary judgment is denied on Plaintiffs' correction of inventor claim.

6

C.      Patent Interference

Defendants move for summary judgment on Plaintiffs' claim for patent interference

on the grounds that the '308 patent is invalid. First, Defendants argue that the subject of the

patent was published to the public more than one year before the patent application was filed.

Second, they contend that the patent is obvious in light of prior art. Summary judgment on

Plaintiffs' patent interference claim is denied.

Defendants assert that the '308 patent is invalid because it was published to the public

more than one year before the application was filed. According to Defendants, Aftersort

added the rigid extendable conveyor that is the subject of the '308 patent to its website on

September 15, 2002. Roach filed the provisional patent application on September 24, 2003.

Defendants argue that the placement of the '308 patented conveyor on Aftersort's website

more than a year before filing the provisional patent application invalidates the patent.

35 U.S.C. § 102(b) states that a person is not entitled to a patent if "the invention was

patented or described in a printed publication in this or a foreign country more than one year

prior to the date of the application for patent in the United States." The considerations

involved in whether publication is sufficient to invalidate a patent include: (1) the length of

time the material was displayed; (2) the expertise of the target audience; (3) the existence of

reasonable expectations that the material displayed would not be copied; and (4) the ease

with which the material could be copied. *In re Klopfenstein*, 380 F.3d 1345, 1350 (Fed. Cir.

2004).

7

Although Plaintiffs object to the admissibility and question the authenticity of the archived versions of Aftersort's website relied on by the defendants as evidence of publication, under any circumstances triable issues of fact remain. It is questionable whether the information on the website would permit a skilled artisan in the related field to copy the conveyor. The specifications provided are cursory, and, as Plaintiffs point out, Defendants were apparently unable to replicate the conveyor based on the information in the website alone.  Moreover, it appears that the actual photographs of the conveyor were not added until November 14, 2002, which is less than a year before Plaintiffs submitted the application for the '308 patent. These contentions create triable issues of fact the preclude granting summary judgment on the invalidity of the '308 patent.

Defendants argue that the '308 patent is invalid because it is obvious. As stated above in section III.A, the factual inquiry involved in assessing whether a patent is obvious involves: (1) the scope and content of the prior art; (2) the difference between the patent and the prior art; (3) the ordinary skill in the pertinent art; (4) other indications of nonobviousness. *Graham*, 383 U.S. at 17. Additionally, a patent is considered presumptively valid once granted. *See* 35 U.S.C. § 282.

Defendants' primary argument for the obviousness of Plaintiffs' '308 patent is that John Jaynes, one of the inventors who worked on the '308 patent, previously worked for Best. They contend that his work experience at Best allowed him to "gain knowledge relating to the research, development and manufacturing of products by Defendant Best" and "adapt

8

the designs and inventions previously used by Defendants into what ultimately, [sic] became the subject of the '308 [p]atent." Dfdts.' Summ. J. Br. at 12. They further contend that Jayes worked on a patent application for an extendable and retractable conveyer filed by Harold Chadwick (Chadwick invention), which allegedly contains similar claims to the '308 patent.

Defendants do not, however, point to any design aspect of the '308 patent that is similar or obvious in light of the Chadwick invention. They also fail to point to any specific aspects of their own designs that Jaynes implemented in the design for the '308 patent. In his affidavit Jaynes specifically states that he did no use information obtained while an employee at Best to design the conveyor patented in the '308 patent. Jaynes Aff. ¶¶ 13–14. As such, Defendants have not produced undisputed facts sufficient to warrant summary judgment on the invalidity of the '308 patent or Plaintiffs' patent infringement claim. Summary judgment is therefore denied.

D.    <u>Wilful Patent Infringement</u>

Defendants move for summary judgment on Plaintiffs' claim for wilful patent infringement. First, they contend that Plaintiffs' patent is not valid. This contention, however was addressed in Section III.C, above, and summary judgment is denied on the invalidity of plaintiffs' '308 patent. Second, they assert that Plaintiffs' have produced insufficient evidence that they actually intended to infringe on the '308 patent. Summary judgment on Plaintiffs' wilful infringement claim is denied.

Wilful infringement must be proved by clear and convincing evidence. *In re Seagate*

*Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). This requires a showing of at least objective recklessness. *Id.* The existence of legitimate defenses to infringement claims and credible arguments with respect to the invalidity of Plaintiffs' '308 patent would allow the Defendants to demonstrate "a lack of objectively high likelihood" that they willfully infringed on Plaintiffs' patent. *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 F. App'x 284, 291 (Fed. Cir. 2008).

Defendants' primary argument is that they were unaware of plaintiffs' intent to patent the conveyor covered by the '308 patent when they observed it at the Lowe's facility. They note that they were allowed to take pictures of the conveyor and that many of the pictures were taken before Plaintiffs ever filed their patent application. Plaintiffs concede that this conduct is not relevant to the wilful infringement claim. Instead, Plaintiffs point out that the relevant conduct is Best's knowing submission of a patent application that replicated the design of the conveyor in the '308 patent with only a slight change to the placement of the drive.

Defendants, of course, contend that they have presented legitimate defenses to the patent infringement claim both in terms of the validity of their own patent and the invalidity of Plaintiffs' patent. Despite the contention, triable issues of fact remain regarding Defendants' wilful infringement of the '308 patent. First, Plaintiffs have produced evidence that defendants misrepresented to the patent office the novelty of the linkage system in the '075 patent. Haustein Dep. 45:8–24. Second, Plaintiffs have produced evidence that

10

defendants misrepresented to the patent office the novelty of relocating the drive to the center of the unit. Jaynes Aff. ¶ 12. Third, Plaintiffs have produced evidence that Best asked Mark Haustein to build a conveyor exactly like the Roach prototype. Haustein Dep. 31:21–32:6. These facts all support the inference that Defendants patented the '075 patent with at least objective recklessness to infringing on the '308 patent. As such, summary judgment is denied.

E.     Trade Secret Misappropriation

Defendants move for summary judgment on the grounds that the design of the TL230 was not a trade secret and that, even if it was, recovery for the alleged misappropriation is barred by the statute of limitations. Plaintiffs maintain that the record contains sufficient evidence of the existence and misappropriation of their trade secret and that such claims were brought within three years of Defendants' disclosure or use of their trade secret. Summary judgment on Plaintiffs' misappropriation claim is denied.

*1. Statute of Limitations*

Defendants' motion for summary judgment claiming that Plaintiffs' misappropriation claims are time-barred is denied. The parties agree that the relevant law is the Arkansas Trade Secrets Act (ATSA) and that claims brought under the ATSA are governed by a three-year statute of limitations. Ark. Code Ann. § 4-75-603 (LEXIS Repl. 2001). The statute begins to run when "the misappropriation is discovered or, by the exercise of reasonable diligence, should have been discovered." *Id.* Under the ATSA, "misappropriation" means the

acquisition, disclosure, or use of a trade secret. *Id.* § 4-75-601(2).

Defendants assert that if they acquired, disclosed, or used Plaintiffs' trade secret, such acts would have been discoverable with reasonable diligence no later than October 31, 2003. On that date, John Jaynes wrote a letter to the Lowe's representative in Statesville, North Carolina indicating that Plaintiffs were aware of Defendants' conveyor. A reasonable jury, however, could find that Defendants' conduct and representations after being notified of the '308 patent application gave Plaintiffs a reasonable expectation that their trade secrets would not be used or disclosed. Furthermore, that expectation would continue to be reasonable through August 2006, when Best filed the '075 patent application. Therefore, genuine issues of fact remain as to whether Plaintiffs' ATSA claim, filed as part of the March 9, 2009, complaint are time-barred.

## 2. Existence of Trade Secret

Defendants' motion for summary judgment claiming that Plaintiffs' design was not a trade secret is denied. Under the ATSA, a trade secret is any information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use . . ." so long as its owner undertakes "efforts that are reasonable under the circumstances to maintain its secrecy." *Id.* § 4-75-601(4). Defendants contend that they used no improper means in ascertaining the design of Plaintiffs' conveyor and that Plaintiffs failed to employ reasonable efforts to maintain its secrecy.

12

Defendants' "improper means" argument hinges on their own sworn statements that they gained access to Plaintiffs' prototype conveyor in Statesville, North Carolina at the request of Lowe's representatives, and that numerous other people regularly had access to and came into contact with the prototype conveyor. Plaintiffs, however, have offered proof creating factual disputes. First, Plaintiffs assert that Best was aware of the secret nature of the TL230's design as evidenced by the July 8, 2004, letter from Charlie Parks to James Markley, and the fact that Toys 'R Us denied it permission to view and inspect another of Plaintiffs' prototype conveyors. Second, Plaintiffs point out that Lowe's considered the design of TL230 to be a trade secret as demonstrated by a proviso in an email dated May 29, 2003. From this evidence, a reasonable jury could conclude that the design of Plaintiffs' prototype was not "readily ascertainable by proper means."

As to whether Plaintiffs undertook reasonable efforts to maintain secrecy, Defendants assert that Plaintiffs wilfully disregarded the security risks at the Lowe's and Toys 'R Us facilities and took no affirmative steps to protect the secrecy of the design of its prototypes. Plaintiffs have produced evidence that Lowe's and Toys 'R Us agreed that the design of its prototypes was a trade secret and was to be kept confidential. Plaintiffs also point out that the Lowe's and Toys 'R Us facilities were not retail stores, but rather distribution warehouses not open to the public. They further note that Toys 'R Us refused Best's request for access and that the Lowe's facility was protected by a guard shack and metal detectors. More importantly, however, simply because truck drivers and warehouse employees could see

Plaintiffs' conveyors does not mean their "design" was not secret. This is confirmed by Defendants' admission that they first inspected Plaintiffs' prototype for the first time in January 2003 and continued to return for almost a year and a half, photographing it numerous times. Moreover, once Roach filed its provisional patent application in September 2003, it placed "patent pending" stickers on the prototype in Statesville, North Carolina.  As such, a reasonable jury could find that Plaintiffs' efforts to protect the secrecy of the design of its prototypes were reasonable under the circumstances.

### 3. Misappropriation of Trade Secret

Defendants' motion for summary judgment claiming that there was no misappropriation is denied. As previously discussed, a person misappropriates a trade secret under the ATSA if he acquires another's trade secret with actual or constructive knowledge that his acquisition was accomplished by improper means or if he discloses or uses such a trade secret. Ark. Code Ann. § 4-75-601(2). Defendants' misappropriation arguments are intertwined with their arguments as to whether Plaintiffs' prototypes meet the statutory definition of a trade secret.  It is undisputed, however, that Defendants produced, obtained patent protection for, and sold a conveyor almost identical to the TL230. Pursuant to the analysis set forth in section III.E.2, genuine issues of material fact remain as to Plaintiffs' misappropriation claim, and summary judgment is therefore denied.

F.    Other State-Law Claims

Although not briefed by either party, it must be noted that the ATSA "displaces

conflicting tort, restitutionary, and other laws of this state pertaining to civil liability for misappropriation of a trade secret." *Id.* § 4-75-602(a). The Arkansas Supreme Court has read the plain meaning of this section to create an absolute bar to double recovery under other civil claims. *R.K. Enterprise, LLC v. Pro-Comp Management, Inc.*, 158 S.W.3d 685, 688-90 (Ark. 2004). Similarly, in *Vigoro Industries, Inc. v. Cleveland Chemical Co.*, the court held that the ATSA was the exclusive remedy for misappropriation of trade secrets. 866 F. Supp. 1150, 1160-61 (E.D. Ark. 1994), *rev'd on other grounds*, 82 F.3d 785 (8th Cir. 1996).

Upon review of the complaint and the record, it appears that Plaintiffs' state-law claims for intentional interference with contractual relationships and business expectancies, fraud, unjust enrichment, and civil conspiracy seek recovery for Defendants' alleged theft and improper use of the design of Plaintiffs' prototype conveyors. Therefore, these claims are subsumed under Plaintiffs' ATSA claim and cannot provide separate and distinct causes of action. Accordingly, summary judgment is granted as to Plaintiffs' other state-law claims as a matter of law.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment [Doc. No. 25] is GRANTED as to Plaintiffs' claims of intentional interference with contractual relationships and business expectancies, fraud, unjust enrichment, and civil conspiracy and DENIED as to Plaintiffs' claims of patent invalidation, correction of inventor, patent interference, wilful patent infringement, and trade secret misappropriation. Defendants'

motion to strike the affidavit of Charlie Parks [Doc. No. 40] is denied as moot.

IT IS SO ORDERED this 17th day of August 2011.

_____
UNITED STATES DISTRICT JUDGE